**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re*: T.P.

No. 15-0961 (Jefferson County 14-JA-33)

**FILED**

**February 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father M.D., by counsel Nancy A. Dalby, appeals the Circuit Court of Jefferson County's August 28, 2015, order terminating his parental rights to T.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Ruth A. McQuade, filed a response on behalf of the child also in support of the circuit court's order. The DHHR and the guardian also filed a joint supplemental appendix. On appeal, petitioner alleges that the circuit court erred in denying his request for T.P.'s caretaker to testify below and in terminating his parental rights instead of imposing a less-restrictive dispositional alternative, including allowing him to voluntarily relinquish his custodial and guardianship rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2014, the DHHR filed an abuse and neglect petition against T.P.'s parents. At the time, eight-year-old T.P. lived with his mother and her boyfriend. According to the petition, the child's mother and boyfriend engaged in chronic domestic violence in the home and the mother physically abused T.P. Additionally, petitioner had not had contact with T.P. for several months and, in fact, only became aware that he was the child's father when T.P. was six years old. After paternity was established, petitioner saw the child for a few brief visits and had no real bond with the child. Petitioner was also over $11,000 in arrears in child support at the time. As

---

[1]The proceedings below concerned an additional child, V.P., who is not petitioner's biological child and over whom petitioner exercised no custodial or guardianship rights. As such, this memorandum decision concerns only petitioner's parental rights with regard to his biological child, T.P.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

such, the DHHR alleged that petitioner abandoned T.P. Thereafter, in August of 2014, the circuit court held an adjudicatory hearing and found petitioner abandoned T.P.

In September of 2014, petitioner orally offered to voluntarily relinquish his parental rights to T.P. Shortly thereafter, he filed a written relinquishment expressing the same. After the circuit court accepted petitioner's relinquishment, the guardian and the DHHR submitted a joint motion to modify the dispositional order insomuch as petitioner's relinquishment was not made knowingly and voluntarily given his admitted lack of knowledge concerning the allegations contained in the petition. As such, the circuit court rescinded petitioner's relinquishment and thereafter granted him an improvement period. As part of the improvement period, petitioner was provided a schedule of visitation and phone calls in order to initiate regular contact with T.P. However, petitioner failed to regularly contact the child, which resulted in emotional stress to T.P., who was already suffering from adjustment disorder and other behavioral difficulties. The multidisciplinary team ("MDT") informed petitioner of the negative effects his actions caused and attempted to assist him in making regular contact. However, petitioner did not improve and, in fact, failed to complete the paperwork necessary to initiate a home study despite his knowledge that a home study was necessary if T.P. was going to live in his home.

Ultimately, the circuit court held a dispositional hearing in July of 2015 and terminated petitioner's parental rights to T.P., though the circuit court did grant petitioner post-termination visitation with the child. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court declines to address petitioner's assignment of error alleging that the circuit court erred in denying his request to call an undisclosed witness at disposition.[3]

---

[3]Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

(continued . . . )

2

Additionally, the Court finds no error in the circuit court terminating petitioner's parental rights. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Here, the circuit court was presented with sufficient evidence to make this finding in regard to petitioner based upon his admitted failure to comply with the DHHR's services designed to facilitate a bond between him and the child. Specifically, petitioner admitted that he "had difficulties" contacting his son to develop a meaningful relationship, despite the fact that the DHHR facilitated both visitation and telephone contact between petitioner and his son. Simply put, petitioner failed to comply with these services and the evidence below established that his failure to contact his son had a negative impact on the child. Ultimately, petitioner's failures in this regard, and the fact that he failed his home study, led the circuit court to find that petitioner "failed to comply with the specific steps" of his improvement period. Further, the circuit court found that termination of petitioner's parental rights was in the child's best interests. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings.

Further, we have previously held that

"[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three

---

[t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure,* then-Chief Justice Menis E. Ketchum specifically noted in paragraph 2 that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, paragraph 7 states that "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief is inadequate as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure. Specifically, petitioner provides no citation to the record in support of this assignment of error and, in fact, did not include the dispositional transcript so that the circuit court's decision could be properly evaluated. Further, petitioner fails to cite to any legal authority in support of this argument. Thus, we decline to address petitioner's assignment of error concerning the circuit court's evidentiary determination as it was not properly developed on appeal.

3

years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Therefore, it was not error for the circuit court to terminate petitioner's parental rights instead of imposing a less-restrictive dispositional alternative. On appeal, petitioner simply alleges that the current placement for the child is against his best interests and that, as such, it was error to terminate his parental rights. This argument, however, ignores the fact that petitioner's own actions left the circuit court no choice other than to terminate his parental rights, based upon the findings outlined above. Moreover, the fact that petitioner believes the child's current placement to be less than ideal has no bearing on his own inability to correct the conditions of abuse and neglect that necessitated the termination of his parental rights.

Further, petitioner alleges that the circuit court erred in failing to allow him to voluntarily relinquish his parental rights at disposition. However, petitioner's argument ignores the fact that he previously entered into such a relinquishment, but it was later rescinded when he admitted that he did not enter into the same with full knowledge of the allegations against him. Most importantly, though, is the fact that the circuit court specifically found that "a . . . relinquishment . . . does not achieve permanency" for the child. As such, we find no error in the termination of petitioner's parent rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 28, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: February 16, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4